UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN DEAN ARMSTRONG, #222965,

                Petitioner,

                                    CASE NO. 2:16-CV-13449

v.                                   HONORABLE NANCY G. EDMUNDS

SHERMAN CAMPBELL,

                Respondent.

_____/

## OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Michigan prisoner Allen Dean Armstrong ("Petitioner") was convicted of three counts of first-degree criminal sexual conduct pursuant to a no contest plea in the Oakland County Circuit Court and was sentenced, as a fourth habitual offender, to concurrent terms of 60 to 90 years imprisonment in 2009.  In his pro se pleadings, Petitioner seems to raise claims concerning the conduct of the trial court, the conduct of the prosecutor, and the effectiveness of defense counsel.

On September 29, 2016, the Court ordered Petitioner to show cause why his petition should not be dismissed as untimely under the one-year statute of limitations applicable to federal habeas actions.  Petitioner filed a timely response to the Court's show cause order asserting that his claims have merit and that he is entitled to habeas relief.  Having further reviewed the matter, the Court concludes that the habeas petition is untimely and must be

dismissed. The Court also concludes that a certificate of appealability and leave to proceed in forma pauperis on appeal must be denied.

## II.    Procedural History

Petitioner was sentenced on October 7, 2009. *See* Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/otis2profile.aspx?mdocNumber=222965. He did not pursue a direct appeal of his convictions and sentences in the state courts. *See* Register of Actions, *People v. Armstrong*, Oakland Co. Cir. Ct. No. 2009-227395-FC, https://courtexplorer.oakgov.com/OaklandCounty/SearchCases/ViewAction?CaseNo=3 YD7Njq%2BF1dfMZyq1 (accessed 9/27/16).

On August 10, 2015, Petitioner filed a motion for relief from judgment with the state trial court, which was denied on September 4, 2015. *Id.* He then filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied for failure to establish that the trial court erred in denying his motion for relief from judgment. *People v. Armstrong*, No. 330397 (Mich. Ct. App. Feb. 16, 2016). He apparently did not appeal that decision to the Michigan Supreme Court. On August 3, 2016, Petitioner filed a motion for evidentiary hearing with the state trial court, which was construed as a motion for reconsideration and denied. *People v. Armstrong*, No. 2009-227395-FC (Oakland Co. Cir. Ct. Aug. 12, 2016).

Petitioner dated his federal habeas petition on August 31, 2016 and it was filed by the Court on September 20, 2016. As noted, the Court issued its show cause order on September 29, 2016. Petitioner dated his reply and brief in support on October 21, 2016 and those pleadings were filed by the Court on October 31, 2016.

-2-

III.    **Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at

28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996.  The AEDPA includes a one-

year period of limitations for habeas petitions brought by prisoners challenging state court

judgments.  The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  A habeas petition filed outside the proscribed time period must be

dismissed.  *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case

filed 13 days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

A preliminary question in this case is whether Petitioner has complied with the one-

year statute of limitations.  "[D]istrict courts are permitted . . . to consider *sua sponte*, the

timeliness of a state prisoner's federal habeas petition. *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Petitioner's convictions and sentences became final after the AEDPA's April 24, 1996 effective date. Petitioner was sentenced on October 7, 2009. He then had six months after sentencing to file a late application for leave to appeal. *See* Mich. Ct. R. 7.205(G)(3). He did not do so. Thus, his convictions became final on or about April 7, 2010. Accordingly, Petitioner was required to file his federal habeas petition by April 7, 2011, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed his motion for relief from judgment with the state trial court on August 10, 2015. Thus, the one-year period expired more than four years before Petitioner sought post-conviction collateral review in the state courts. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Petitioner did not date his federal habeas petition until August 31, 2016 – long after the one-year period had expired.

Petitioner does not allege that his claims are based upon newly-enacted, retroactively applicable law. Rather, he seems to assert that the State created an impediment because he was denied transcripts from the time he was sentenced until 2014 and that some of his claims are based upon newly-discovered evidence/constitutional

-4-

claims.

Petitioner's alleged difficulty in obtaining transcripts does not establish that the State created an impediment to the filing of his habeas petition in a timely manner. A prisoner has no constitutional right to transcripts on collateral review of a conviction, *see United States v. MacCollom*, 426 U.S. 317, 323-24 (1976), and the lack of a transcript itself is not a circumstance which justifies tolling of a limitations period. *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751-52 (E.D. Mich. 2002). Petitioner also fails to show that the inability to obtain transcripts or other materials prevented him from timely seeking habeas review. *See Young v. Curtis*, 102 F. App'x 444, 447 (6th Cir. 2004). For example, he could have filed a state post-conviction motion (or a federal habeas petition) within the one-year period and then sought production of transcripts or other materials relevant to his claims. He fails to establish that any State-created impediment prevented him from taking such action sooner.

With regard to newly-discovered evidence under 28 U.S.C. § 2244(d)(1)(D), the limitations period begins when the factual predicate for the claim could have been discovered through the exercise of due diligence, not when it was actually discovered by the petitioner. *Lott v. Coyle*, 261 F.3d 594, 605–06 (6th Cir. 2001); *Brooks v. McKee*, 307 F. Supp. 2d 902, 905-06 (E.D. Mich. 2004) (citing cases). The period begins when the petitioner knows or could have discovered the important facts for the claim, not when the petitioner recognizes the legal significance of those facts. *Brooks*, 307 F. Supp. 2d at 905-06. Moreover, the start of the limitations period "does not await the collection of evidence which supports the facts." *Id.* at 906. A habeas petitioner bears the burden of showing that he exercised due diligence in discovering the factual predicate for his claims.

-5-

*DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). In this case, Petitioner fails to cite to any newly-discovered evidence in support of his assertion. To be sure, his claims appear to rely upon the state court record and facts/arguments that he knew or could have known about at the time of his plea, sentencing, and/or direct appeal in the state courts. His petition is therefore untimely under 28 U.S.C. § 2244(d).

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

As noted, Petitioner cites the lack of court transcripts as an excuse for his late filing. The unavailability of transcripts and other documents, or the delay in obtaining them, is not a circumstance which justifies equitable tolling of a limitations period. *See Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 750-51 (6th Cir. 2011) (citing cases); *Grayson*, 185 F. Supp. 2d at 751-52; *see also Diaz v. Milyard*, 314 F. App'x 146, 148 (10th Cir. 2009) (petitioner not entitled to equitable tolling based on lack of court records and transcripts

-6-

where he did not request records until four years after limitations period began to run);
*Hodge v. Greiner*, 269 F.3d 104, 107 (2d Cir. 2001) (noting that a petitioner has the option
of filing a timely petition and then seeking discovery and amending the petition)

Petitioner also indicates that he has "mental problems" and that no one would
provide him with legal assistance due to his lack of funds.  A habeas petitioner's mental
incompetence may constitute an extraordinary circumstance which justifies equitable tolling
of the one-year period, but only if that condition prevents the timely filing of a habeas
petition.  *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011).  In other words, to be entitled to
equitable tolling on such a basis, a habeas petitioner must show that he was mentally
incompetent and that his mental impairment was the cause for the late filing.  *Id.*;
*Robertson v. Simpson*, 624 F.3d 781, 785 (6th Cir. 2010); *see also Plummer v. Warren*,
463 F. App'x 501, 506 (6th Cir. 2012) ("Illness—mental or physical—tolls a statute of
limitations only if it actually prevents the sufferer from pursuing his legal rights during the
limitations period.").  Furthermore, a mental impairment "might justify equitable tolling if it
interferes with the ability to understand the need for assistance, the ability to secure it, or
the ability to cooperate with or monitor assistance" once obtained.  *Stiltner v. Hart*, _ F.
App'x _, 2016 WL 5403898, *7 (6th Cir. Sept. 28, 2016) (quoting *Bills v. Clark*, 628 F.3d
1092, 1100 (9th Cir. 2010)).

Petitioner does not meet this standard.  He fails to sufficiently explain why it took him
more than four years after the one-year limitations period ended to seek collateral review
in the state courts.  In particular, he fails to allege any facts to show that his mental health
problems were significant during the relevant time period or that they impaired his ability
to pursue state court remedies and seek federal habeas relief in a timely manner.

Moreover, "speculation about the impact of mental illness on the ability to timely file a habeas petition is not sufficient to warrant an evidentiary hearing." *McSwain v. Davis*, 287 F. App'x 450, 457-58 (6th Cir. 2008).  Petitioner also fails to show that any mental health problems impaired his ability to obtain legal assistance in a timely manner.  To be sure, it appears that Petitioner recognized that he would benefit from legal assistance during the relevant time period given his claim that no one would help him due to his lack of funds. Petitioner was not diligent in pursuing his rights.

Additionally, the fact that Petitioner is untrained in the law, is (or was) proceeding without a lawyer or other legal assistance, or may have been unaware of the statute of limitations for a period of time does not warrant tolling.  *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (pro se status is not an extraordinary circumstance); *Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (illiteracy is not a basis for equitable tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).  Petitioner fails to demonstrate that he is entitled to equitable tolling under *Holland*.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations.  *McQuiggin v. Perkins*, _ U.S. _, 133 S. Ct. 1924, 1928

(2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005).  As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006).  A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial."  *Schlup*, 513 U.S. at 324.  Furthermore, actual innocence means "factual innocence, not mere legal insufficiency."  *Bousley*, 523 U.S. at 623.  In keeping with Supreme Court authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'"  *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).

Petitioner makes no such showing.  Petitioner's argument that his habeas claims have merit and that his plea is invalid do not establish his actual innocence.  *See, e.g., Craig v. White*, 227 F. App'x 480, 481 (6th Cir. 2007).  His own self-serving, conclusory assertions of innocence are also insufficient to support an actual innocence claim.  A "reasonable juror surely could discount [a petitioner's] own testimony in support of his own cause."  *McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) (citing cases).  Furthermore, Petitioner's no contest plea belies an actual innocence claim.  *See, e.g., Loving v. Mahaffey*, 27 F. App'x 925, 926 (10th Cir. 2001) (noting that a claim of actual innocence is difficult to establish, particularly when a defendant pleads guilty); *Reeves v. Cason*, 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005).  Petitioner fails to establish that he is

entitled to equitable tolling of the one-year period. His habeas petition is therefore untimely and must be dismissed.

## IV.    Conclusion

Based upon the foregoing discussion, the Court concludes that the habeas petition is untimely. Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a district court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. In this case, jurists of reason could not find the Court's procedural ruling that the petition is untimely debatable. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court finds that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED.**

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated:  November 8, 2016

I hereby certify that on November 8, 2016, the document above was served upon counsel and/or parties of record via electronic means and/or First Class Mail.

s/Teresa McGovern
Case Manager Generalist